DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
ANDREW GSCHWIND, State Bar #231700
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3800
Facsimile:     (415) 554-3837

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JOSEPH VICTOR LAGANA,<br><br>                Plaintiff,<br><br>      vs.<br><br>SAN FRANCISCO POLICE DEPARTMENT,<br><br>                Defendant. | Case No. C 08-03392 CW<br><br>**DEFENDANT CITY'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[F. R. CIV. P. 12(b)(6), 12(e)]**<br><br>Judge:            Hon. Claudia Wilken<br>Hearing Date:  Aug. 28, 2008<br>Time:             2:00 P.M.<br>Place:            Crtrm. 3, 4th Floor<br>     1301 Clay St., Oakland, CA  94612<br><br>Date Action Filed: May 29, 2008<br>Trial Date:            Not set |

TO PLAINTIFF JOSEPH VICTOR LAGANA (IN PRO PER):

TAKE NOTICE THAT on Thursday August 28, 2008 at 2:00 p.m. in Courtroom 10 at 450 Golden Gate Ave., Oakland, California, Courtroom 3, 4th Floor, defendant City and County of San Francisco ("City") (erroneously named the San Francisco Police Department) will and hereby does

MOT TO DISMISS OR FOR MORE DEF. STATEMENT
Case No. C 08-03392 CW                                                       1                                            n:\lit\li2008\081487\00497848.doc

move to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In the alternative, the City will and hereby does move for a more definite statement of the pleadings under Fed. R. Civ. P. 12(e).

This motion is based upon this notice, the attached memorandum of points and authorities, the court file for this matter, and any argument that may be heard.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.  STATEMENT OF FACTS

Pro-per plaintiff's complaint alleges contains only one "substantive" allegation: "First Amendment violation and assault, frequent threats and stalking toward plaintiff." *Id.* at ¶ 10.f. The complaint contains no other factual allegations.

In addition to seeking general damages, plaintiff also seeks damages for emotional distress. *Id.* at 11.d & g.

### II.  PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

Solely, for the purposes of this motion, the City accepts as true all material allegations contained in plaintiff's complaint. While a short, plain statement of facts is sufficient to support a legal claim, a plaintiff must nonetheless "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985). Although a complaint should be liberally construed in plaintiff's favor, conclusory allegations of law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id.*; *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994); *Transphase Systems, Inc. v. Southern Calif. Edison Co.,* 839 F.Supp. 711, 718 (C.D.Cal. 1993). The courts need not "swallow the plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Put differently, while allegations of material fact must be taken as true, *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994), the court need not accept conclusory allegations as truthful. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).

Plaintiff's complaint fails as a matter of law because plaintiff alleges no factual basis of any kind supporting a claim under federal or state law. Plaintiff does not allege how or when or by whom his "First Amendment" rights were allegedly violated. He does not allege how or when he was assaulted and/or by what person. He does not allege who is "stalking" him or how or where or when. In short, plaintiff's complaint fails to set forth even a short, plain statement of facts supporting a potential cause of action and thus should be dismissed. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.,* 88 F.3d 780, 782 (9th Cir. 1996); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Plaintiff's complaint alleges <u>no facts</u> sufficient to support any legal theory.

Also, under California law, each version of the facts or each legal theory should be pleaded in a separate cause of action in the complaint. *See* California Rules of Court 201(i); 312(g); *Campbell v. Rayburn* 129 Cal.App.2d 232, 235 (1954). Indeed, Paragraph 10 the form complaint filed by plaintiff (Jud. Council Form PLD-PI-001) specifically warns that a plaintiff must attach separate causes of action. Without such causes of action, Plaintiff's complaint is incomplete and subject to demurrer for uncertainty or failure to state a claim. *See* Weil, Robert I. & Brown, Ira A., Civil Procedure Before Trial §6:202 (2004) ("To state a cause of action, plaintiff must attach one or more cause-of-action page"). Plaintiff's form complaint contains no causes of action attached to it.

Furthermore, plaintiff's state law claims are barred because plaintiff does not allege compliance with the California Tort Claims Act. Pursuant to Cal. Govt. Code § 911.2, any claim or cause of action relating to personal injury requires the presentation of a claim to a public entity within six months. Under Government Code section 945.4, presentation of a timely claim is a condition precedent to the commencement of suit against the public entity. *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1777. A cause of action on a claim that is subject to this statutory procedure must affirmatively allege compliance with the claims-presentation requirement, *C.A. Magistretti Co. v. Merced Irrig. Dist.*, 27 Cal.App.3d 270, 274-275 (1972), and the lack of such allegations renders a complaint subject to attack for failure to state a claim. *Dujardin v. Ventura County Gen. Hosp*. 69 Cal.App.3d 350, 355 (1977). Here, plaintiff's complaint fails to allege compliance with the claims presentation requirements of the Cal. Government Code and must be dismissed.

### III. IN THE ALTERNATIVE, PURSUANT TO FED. RULE OF CIV. PROC. 12(B)(E), THE COURT SHOULD REQUIRE PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT

Federal Rule of Civil Procedure 12(e) authorizes the court to order the plaintiff to amend his complaint to provide a more definite statement if, as drafted, the complaint is "so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. Rule Civ. Proc. 12(e).

It is not clear from the face of plaintiff's complaint exactly what causes of action plaintiff is bringing and why. In view of this, it may be appropriate to require plaintiff to file a more definite statement in compliance with Federal Rule of Civil Procedure 12(e), which provides for a plaintiff to provide a more definite statement where the pleading is "so vague and ambiguous a responsive pleading cannot be framed."

Defendant here is left asking: what portion of the First Amendment (freedom of the press, freedom of association, freedom of speech, free exercise of religion, establishment of religion, etc.) is plaintiff bringing a cause of action under? Defendant cannot know and thus is forced to guess. Plaintiff's complaint does not allege how or when his First Amendment rights were violated and/or by what employee or employees they were violated. It does not allege what City employees, if any have "assaulted" plaintiff or made "frequent threats" against plaintiff and/or been "stalking towards plaintiff (sic)." The City cannot reasonably be required to frame a responsive pleading to such conclusory complaint allegations. *Cf. Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).

The City cannot respond to the complaint unless and until the complaint specifies which causes of action plaintiff intends to asserts against it and the factual basis for such causes of action. Plaintiff should be required to state how and when his First Amendment rights were violated and by whom. Plaintiff should similarly be required to state the basis for his state law tort causes of action.

### IV. CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court dismiss plaintiff's complaint for failure to state a claim, or, in the alternative, require plaintiff to provide a more definite

1 statement of his pleading.

3 Dated: July 18, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
ANDREW GSCHWIND
Deputy City Attorney


By:_____/s/_____
ANDREW GSCHWIND

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

# PROOF OF SERVICE

I, SHADE ADESANWO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On July 21, 2008, I served the following document(s):

DEFENDANT CITY'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

on the following persons at the locations specified:

Joseph Victor Lagana
5238 Cartwright Avenue, #8
No. Hollywood, CA 91601

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed July 21, 2008, at San Francisco, California.

*/s/ Shade Adesanwo*
SHADE ADESANWO