IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH VICTOR LAGANA,

    Plaintiff,

  v.

SAN FRANCISCO POLICE DEPARTMENT,

    Defendant.

_____/

No. C 08-3392 CW

ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME, GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND

On July 21, 2008, Defendant City and County of San Francisco[1] filed a motion to dismiss for failure to state a claim, or, in the alternative, for a more definite statement. On July 30, 2008, the Court entered an order taking the motion under submission on the

---

[1] Defendant City and County of San Francisco states that it was erroneously named as San Francisco Police Department in the original complaint. In the amended complaint, Plaintiff names the San Francisco Police Department and the City and County of San Francisco as Defendants. The police department is an agency of the City and County. The City and County of San Francisco is the entity that may be sued.

papers.  The Court instructed pro se Plaintiff Joseph Lagana that his opposition to the motion would be due August 7, 2008. Plaintiff was warned that failure timely to file an opposition would result in dismissal of the case for failure to prosecute.  On August 14, 2008, Plaintiff filed a motion for an extension of time to respond to Defendant's motion to dismiss, an opposition to Defendant's motion to dismiss and an amended complaint.

I.  Motion for an extension of time

Plaintiff states, "I was under the impression that I had E-file abilities and have been waiting for my account to be approved."  Docket No. 9.  Upon discovering that, as a pro se litigant, he would need an order from the Court permitting him to participate in the Electronic Case Filing (ECF) program, Plaintiff mailed to the Court his motion for an extension of time and opposition to the motion to dismiss.  In the interest of justice, the Court grants Plaintiff's motion for an extension of time.

II.  Motion to dismiss

Although Plaintiff has filed an amended complaint, the amendments do not cure all of the deficiencies identified in the earlier motion to dismiss.  Therefore, the Court grants the motion to dismiss but grants Plaintiff leave to amend his complaint consistent with the Court's order.

A.  Factual basis for claims

It appears that Plaintiff's claims are based on four instances in which he was arrested by San Francisco police officers

2

and one incident that occurred in front of "Ross Stores."[2] Although Plaintiff provides the date for the Ross Store incident and one of the arrests, it is not clear from the complaint when the other three arrests occurred. Plaintiff also includes a general allegation that he has been "frequently threatened, harassed, and stalked by unknown S.F.P.D. officers." Amended Complaint at 2.

Plaintiff must amend his complaint to include more information about the incidents upon which his claims are based. Specifically, Plaintiff must include the date of each incident and the names of the officers involved in each incident. To the extent Plaintiff does not know the names of the officers involved, he may include allegations against "unknown officers."

Plaintiff also includes allegations that unnamed individuals made "false police reports" about him. Plaintiff fails to include dates or other identifying details about such reports.

B.  Defendants

As noted above, Plaintiff has named the San Francisco Police Department and the City and County of San Francisco as Defendants. Although Plaintiff identifies several officers by name, he does not include them as defendants. Plaintiff may bring his claims against the City. However, he is advised that to sue the City on any 42 U.S.C. § 1983 claim, he must allege that the violation of his rights was pursuant to a custom or policy of the City, or allege

---

[2] The Court notes that Plaintiff includes a "General Factual Background" heading, but does not include any such background before stating his causes of action. For purposes of clarity, Plaintiff must include a separate section discussing the factual bases for his claims.

3

facts from which such a custom or policy can be inferred. Shaw v. Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610-11 (9th Cir. 1986). The City cannot be liable for a constitutional injury caused solely by the independent actions of a deputy acting in his official capacity. Lewis v. Sacramento County, 98 F.3d 434, 446 (9th Cir. 1996) (overruled on other grounds in County of Sacramento v. Lewis, 523 U.S. 833, 838 & n.2 (1998)). Applying the standard for municipal liability from Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694-695 (1978), the Ninth Circuit stated:

> A municipality may be liable for actions resulting in violations of constitutional rights only when the conduct of its official or agent is executed pursuant to a government policy or custom. To establish municipal liability under § 1983, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no respondeat superior liability under § 1983. A municipality may only be liable where its policies are the "'moving force [behind] the constitutional violation.'"

Lewis, 98 F.3d at 446.

If Plaintiff wishes to sue for damages for civil rights violations based on individual officers' actions and decisions he must name those individuals as defendants. As stated above, to the extent that Plaintiff cannot without discovery name individual officers, he may name "unknown officers" as defendants. After he has undertaken discovery to learn their names, he may move for leave to file an amended complaint to name them.

4

C.  Causes of action

In his amended complaint, Plaintiff identifies three causes of action: intentional tort, fraud and general negligence.  Within the section titled intentional tort, Plaintiff cites 42 U.S.C. § 1983.

1. Intentional tort

a.  Section 1983

To the extent that Plaintiff seeks to bring claims pursuant to 42 U.S.C. § 1983, he must identify the specific event or events upon which each claim is based.  In addition, he must identify which constitutional right he alleges has been violated.  As stated above, if Plaintiff seeks to bring § 1983 claims against the City and County of San Francisco, he must allege facts concerning any policy he believes was the moving force behind the alleged constitutional violation.

b. Other torts

If Plaintiff intends to bring state law claims aside from his § 1983 claims under the heading "intentional tort," he must identify which torts he believes were committed, who committed those torts and the events upon which he bases such claims.  In addition, if Plaintiff alleges any such state law tort claims, he must allege facts demonstrating that he has complied with the California Tort Claims Act.  In particular, Plaintiff must allege facts sufficient to establish that, as required by California Government Code § 954.4, he has timely presented each claim to the City and County of San Francisco.  It would be helpful to attach copies of the claims and the responses to them.

2. Fraud

Plaintiff's fraud claim fails as a matter of law.  Plaintiff alleges that an unidentified defendant filed multiple police reports falsely asserting that Plaintiff committed various crimes. Plaintiff further alleges that these police reports "induce[d] plaintiff to act as described" and Plaintiff "acted in justifiable reliance upon the promise."  Amended Complaint at 3.  It is not clear what actions Plaintiff contends he took as a result of the allegedly false police reports.  However, it does not make sense that Plaintiff could justifiably rely on the alleged fraud--the false reports--because he necessarily knew that those reports were false when made.  Because amendment of this claim would be futile, the Court dismisses Plaintiff's fraud claim with prejudice.

3. General negligence

Plaintiff's final claim for "general negligence" appears to be based on three events.  First, Plaintiff alleges that the "S.F.P.D. neglected to arrest the 'Ross Stores' manager/employee that assaulted the plaintiff with a lit cigarette butt directly in-front of an S.F.P.D. officer."  Amended Complaint at 5.  In support of his tort claim against the Police Department, Plaintiff cites California Penal Code § 142, which provides penalties for an officer who refuses to arrest an individual charged with a criminal offense.  Plaintiff provides no evidence that the "manager/employee" was charged with any offense.  In addition, this statute does not appear to provide a basis for Plaintiff's tort claim against the Police Department.  Nor does Plaintiff claim any damages that he suffered because of the alleged negligent failure

6

to arrest.  Because amendment of this claim would be futile, it is dismissed without leave to amend.

Next, Plaintiff alleges, "On the third occasion plaintiff was arrested by the defendant S.F.P.D., his property was left in the streets and not retrieved by the S.F.P.D. whom [sic] neglected his property to be looted by locals."  If Plaintiff wishes to pursue this claim, he must allege facts sufficient to identify the time and place of the arrest upon which the claim is based and, as discussed above, facts sufficient to support a finding that he timely presented a claim as required by California Government Code § 954.4.

Finally, Plaintiff alleges that, on July 17, 2008, an officer he identifies as "L. Bertrand" detained Plaintiff "for almost 30 minutes for protesting about the S.F.P.D. . . . and searched and seized the plaintiff's property without the plaintiff's consent."  Complaint at 5.  Plaintiff asserts that Bertrand's actions constitute a Fourth Amendment violation.  An allegation of a federal constitutional violation such as this must be brought as a § 1983 claim.[3]  If Plaintiff intends to pursue a claim against the City and County of San Francisco based on this search and seizure, he must allege facts sufficient to support a finding that a Department or City policy was the moving force behind the alleged constitutional violation.  If Plaintiff intends to pursue this claim against Bertrand as an individual, he must name him as a

---

[3] Plaintiff cannot bring a state law claim based on this detention unless and until he has timely filed a claim with the City and County of San Francisco and that claim has been denied.

7

defendant.

In addition to these three specific allegations, Plaintiff asserts that the "S.F.P.D. neglected to respect the plaintiff's constitutional rights on multiple occasions." Complaint at 5. This is not sufficient to state a claim. If Plaintiff has other constitutional claims, he must identify the events upon which the claims are based as well as the specific constitutional violations he alleges occurred.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for an extension of time (Docket No. 9), GRANTS Defendants' motion to dismiss (Docket No, 4) and grants Plaintiff leave to amend. If Plaintiff intends to pursue these claims, he may file, within three weeks of the date of this order, an amended complaint consistent with the Court's order. Thereafter, Defendants will have two weeks to file a further motion to dismiss or to answer the amended complaint. If Plaintiff does not timely file an amended complaint, the case will be dismissed with prejudice for failure to prosecute.

IT IS SO ORDERED

Dated: 8/27/08

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSEPH,

        Plaintiff,

v.

LAGANA-V-SAN FRANCISCO POLICE DEPT
et al,

        Defendant.

Case Number: CV08-03392 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 27, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Meghan Kathleen Higgins
Andrew Martin Gschwind
San Francisco City Attorney's Office
1390 Market Street, 6th Floor
San Francisco, CA 94102

Joseph Victor Lagana
5238 Cartwright Avenue #8
N. Hollywood, CA 91601

Dated: August 27, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

9