FILED
NOV - 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAGANA, <br><br> Plaintiff, <br><br> v. <br><br> SAN FRANCISCO POLICE DEPARTMENT <br><br> Defendants. | No. C 08-3392 CW <br><br> ORDER PROVIDING NOTICE TO PRO SE PLAINTIFF OF REQUIREMENTS FOR OPPOSING MOTION FOR SUMMARY JUDGMENT |

    Defendants have informed the Court of their intention to file a summary judgment motion in this case.  If Defendants choose to file the motion, they must do so by serving Plaintiff with a notice of the motion and a copy of the motion, indicating the time of the scheduled hearing on the motion.  They must do so at least 35 days before the date of the hearing.  Plaintiff's opposition, including any supporting documents, must be filed by 21 days before the date of the hearing.  Defendants' reply to Plaintiff's opposition, should they choose to file one, is due 14 days before the hearing.

    The Ninth Circuit in <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 411-12 (9th Cir. 1988), held that when a defendant in a case involving a <u>pro se</u> plaintiff moves for summary judgment, the district court must inform the plaintiff of his or her rights and

obligations under Rule 56 of the Federal Rules of Civil Procedure. See also Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998)(en banc) (the Klingele notice must be phrased in understandable language aimed at apprising plaintiff of rights and obligations under Rule 56).[1]

Rule 56 of Federal Rule of Civil Procedure governs summary judgment motions. A summary judgment motion is a request for an order of judgment, **without a trial**, in favor of the party bringing the motion, Defendants here. In such a motion, the party moving for summary judgment presents the facts that are not disputed and argues that these facts entitle it to judgment as a matter of law. In other words, Defendants will be arguing that there does not need to be a trial in the case against it because undisputed facts show

---

[1] The advice required by the 9th Circuit in prisoner pro se cases is as follows:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rand, 154 F.3d at 963.

that they are entitled to a judgment in their favor.

The relevant parts of Rule 56 are as follows:

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

. . . .

(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. <u>If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party</u>.

. . . .

(g) Affidavits Made in Bad Faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Rule 56 (emphasis added).

3

Although the actual text of Rule 56, cited above, controls in any dispute as to its interpretation, the Court provides the following brief explanation of Plaintiff's rights and obligations under the Rule: If Plaintiff does not file an opposition supported by evidence, the Court may enter summary judgment in favor of Defendants. If Plaintiff does not contradict the Defendants' evidence with evidence of his or her own, the Court might take Defendants' evidence as true and enter judgment against Plaintiff on his or her claims against Defendants. Under Federal Rule of Civil Procedure 56(e), the following types of evidence may be submitted:

1. Statements made in the complaint *if* the complaint (a) was signed under penalty of perjury and (b) shows personal knowledge (i.e., "first-hand" or "non-hearsay" knowledge) of the matters stated;

2. Affidavits or declarations. Any person signing an affidavit or declaration must have personal knowledge of the facts stated. At the end of a declaration or affidavit, the document must state, "I declare under penalty of perjury that the foregoing is true and correct," and be signed by the individual who has the required personal knowledge. <u>Any declarations or affidavits that are unsigned will not be considered.</u>

3. Copies of documents *so long as* they are submitted with proof that the records are what they purport to be. Specifically, Plaintiff must declare under penalty of perjury that the documents are true and correct copies of the documents, and must specify how the documents were obtained; and

     4.     Transcripts of depositions, answers to interrogatories, or admissions obtained in this proceeding.

To defeat a summary judgment motion, Plaintiff must present evidence that, when viewed together with Defendants' evidence, convinces the Court that his or her claims should go to trial.

If Plaintiff has a good reason why facts are not available to him or her at the time required to oppose the summary judgment motion, the Court may consider a request to postpone ruling on the motion. To support such a request, Plaintiff must provide the Court and opposing counsel with an affidavit or declaration (signed under penalty of perjury) setting forth the reasons the facts are unavailable and indicating how those facts would support his or her claims.

Plaintiff is reminded that if he or she does not file and serve a written opposition with supporting documents or a request to postpone with a supporting affidavit or declaration, the Court may deem this failure to act to be consent to the granting of Defendants' summary judgment motion.

This notice shall constitute the only such notice from the Court concerning the Defendants' summary judgment motion. The Court will not provide any further information regarding the interpretation of Federal Rule of Civil Procedure 56 and will not answer unsolicited questions about the applicable rules of procedure.

Dated: 11-4-08

*/s/ Claudia Wilken*
CLAUDIA WILKEN
United States District Judge

g:\cwall\legalstd\pro-sesj.adv

5